## ABAD et al. v. TERRITORY OF HAWAII.
### No. 13518.

United States Court of Appeals
Ninth Circuit.

Sept. 2, 1953.

Rehearing Denied Oct. 9, 1953.

O. P. Soares, Honolulu, Hawaii, for appellants.

Robert E. St. Sure, Public Prosecutor, Honolulu, Hawaii, John R. Desha, II, Assistant Public Prosecutor, Honolulu, Hawaii, City & County of Honolulu, Territory of Hawaii, for appellee.

Before DENMAN, Chief Judge, and MATHES and LEMMON, District Judges.

DENMAN, Chief Judge.

This is a criminal appeal taken from a judgment of the Supreme Court for the Territory of Hawaii, pursuant to 28 U.S.C. § 1293.

Appellants claim that the Supreme Court violated the Hawaiian law in sustaining the trial court's denial of a motion for a new trial and that in so doing it violated the Federal Constitution or federal law.

Appellants were convicted of the crime of robbery in the second degree and were each sentenced to a term of twenty years in prison. No question is raised concerning the validity of their trial and conviction, the sole question on the appeal being the validity of the order denying their motion for a new trial. The conviction was on a charge that they had robbed one Filemon Lata of the sum of $2,000. After the trial, appellants moved for a new trial on the grounds of newly-discovered evidence.

The motion was made upon an affidavit by one John Kang, followed by his testimony. Kang said that from 9:00 to 12:00 o'clock on the morning of the robbery he, Lata, and both defendants were engaged in gambling games which occupied the entire time, during which games he won $1580.00 from Lata. Lata had testified that the appellants had taken $500.00 from his coat pocket and $1500.00 from his trousers' pocket; that he stabbed one of

the appellants for which he was immediately arrested. The time of the arrest was fixed by a police officer at 11:30 and by Lata as at 11:25. Kang further testified that he did not know whether Lata had any other money than the $1580, but he assumed he had not because he refused to gamble any further.

The situation then is that even if Kang's testimony were believable, the two appellants convicted of robbing Lata knew when they were indicted and through the eighteen months up to their trial that Kang could testify that the entire time during which the robbery occurred was occupied in gambling, in which Lata lost $1580. Indeed, if Kang's testimony were true, the robbery never occurred at all since the time was occupied in gambling. Nevertheless, it was not until after their conviction and sentence that the appellants approached Kang to give this testimony which, if believed, would have been a most effective defense. They then waited for sixteen months before making their motion, claiming that Kang had to be persuaded not to claim immunity for some offense connected with the transaction.

The trial judge denied the motion on the ground of absence of due diligence in summoning Kang as a witness at the trial.

■ We think that the trial judge was well within the discretion given him by the Hawaiian law when he denied the motion for a new trial, for the Hawaiian Supreme Court held in the case below that "The record bears ample evidence to sustain the trial judge's findings that the defendants failed to exercise due and proper diligence in attempting to secure the attendance of Kang at the trial." Territory v. Abad and Pahinag, 39 Haw. 393, 395.

■ Nor can we see any ground for the claim that the Federal Constitution or federal law was violated as is required to give us jurisdiction under 28 U.S.C. § 1293, for under the federal law a new trial is addressed to the sound discretion of the trial judge. Adams v. United States, 9 Cir., 191 F.2d 206; Eagleston v. United States, 9 Cir., 172 F.2d 194, certiorari denied 336 U.S. 952, 69 S.Ct. 882, 93 L.Ed. 1107. That discretion has not been abused here.

The appeal from the judgment of the Territorial Supreme Court is dismissed.