131 N.J. Super. 228 (1974)
329 A.2d 347
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROGER BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 29, 1974.
Decided February 25, 1974.
*230 Before Judges CARTON, SEIDMAN and DEMOS.
Mr. Edward Weisslitz, First Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Richard Berg, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Howard A. Cohen, Legal Assistant, on the brief).
PER CURIAM.
Defendant was indicted for the murder of one Johnson J. Robins. After a trial to a jury, he was found guilty of murder in the first degree, and his subsequent motion for a new trial was denied. He was sentenced to life imprisonment.
On this appeal he asserts a number of grounds, the first of which is that the State failed to prove a prima facie case of murder in the first degree and that the verdict was against the weight of the evidence.
The State's principal witness was one Unell Andfield, who knew both defendant and the victim, the latter being the father of three of her six children. She testified that the decedent had visited her home briefly late in the afternoon of March 7, 1972, and that soon after he left defendant arrived and she went with him for a drive. Robins, whom they observed in a parked car, followed them, sounding his horn and twice forcing their car to come to a stop off the road. On each occasion she got out and spoke to Robins who, she said, was very angry. He stopped their car again in the same way and this time he walked over to the automobile, called defendant obscene names and tried to open the locked door on the driver's side. Mrs. Andfield, who was standing outside the car, heard a noise like a pistol shot. She observed that the car window where defendant was seated was open. Robins returned to his car and drove away. Mrs. Andfield *231 said, further, that Robins, a large man, had two weeks before, in her presence, threatened to kill defendant.
The police later found that Robins's car had run off the road into a tree and that he had been taken to a hospital, where he was pronounced dead as the result of a bullet wound in the left chest area.
Upon being arrested and charged with the homicide, defendant gave the police a voluntary statement, the admissibility of which is not challenged. In it, after describing the events substantially as Mrs. Andfield had done, he stated that Robins came over to the car, said "Nigger, I told you I was going to kill you," and reached into his pocket with his right hand while pulling on the door handle with his left. Defendant stated further that he picked up a pistol he had in the car and fired one shot at Robins, who then returned to his own automobile and drove away. He also said that Robins had threatened his life two weeks before at Mrs. Andfield's home, and that when he went to visit her on the day of the incident he put the pistol in his car "acting on intuition."
Testifying in his own behalf, defendant claimed he became frightened when his car was forced off the road. He thought Robins was going to kill him because of the prior threat, although he also said he did not believe the threat when it was made. He testified further that when he was compelled to stop the third time he took the gun from the glove compartment and put it on the floor. When he fired the shot, he did so, he said, to scare Robins and not to inflict bodily harm upon him.
Although no motion was made at the trial for a judgment of acquittal, defendant now argues that on the evidence presented a reasonable jury could not, as a matter of law, find beyond a reasonable doubt that defendant had committed first degree murder. He contends further that the verdict of the jury was against the weight of evidence. We disagree.
We find in the record sufficient evidence of the requisites of first degree murder to have warranted submission *232 of that issue to the jury and we are satisfied that the jury's verdict, leaving aside the trial judge's charge on self-defense, was not against the weight of the evidence. A reasonable jury could have found defendant guilty of first degree murder beyond a reasonable doubt. See State v. Reyes, 50 N.J. 454, 463-464 (1967).
Homicide with a deadly weapon in itself justifies a factual presumption of an intent to take life. State v. Bucanis, 26 N.J. 45, 54 (1958), cert. den. 357 U.S. 910, 78 S.Ct. 1157, 2 L.Ed.2d 1160 (1958). The kind of weapon used and the manner and circumstances of the killing may support an inference of deliberation and premeditation. State v. Peterson, 10 N.J. 155, 163 (1952).
The jury was not required to accept defendant's explanation of why he took the pistol with him on the day in question or his testimony that he fired at decedent only to frighten him. The jury could also have rejected the plea of self-defense. Moreover, even if the jury concluded that defendant had not taken the weapon with him that day with the intent to kill the decedent, the formation and weighing of a design to kill could have occurred during the period of time when defendant's car was being forced off the road. It is not necessary for first degree murder that any particular time elapse between the formulation of the purpose to kill and its execution. State v. Coleman, 46 N.J. 16, 45 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966).
Defendant is on more substantial ground with respect to the sufficiency of the trial judge's charge on self-defense, although the absence of an objection or a request for a specific instruction places the problem within the restriction of plain error. Such error is to be disregarded unless it is of such nature as to have been clearly capable of producing an unjust result. R. 2:10-2; State v. La Porte, 62 N.J. 312, 318 (1973); State v. Hock, 54 N.J. 526, 538 (1969).
It is not contended that the trial judge's charge on the law of self-defense was erroneous. Concededly, the applicable *233 principles of law were correctly set forth. The argument advanced is that the jury was not instructed on the burden of proof as directed in State v. Abbott, 36 N.J. 63, 72-73 (1961):
* * * if such evidence [of self-defense] appears either in the State's case or upon the defendant's case, the issue must be left to the jury with this instruction: that the burden is upon the State to prove beyond a reasonable doubt that the defense is untrue, and hence there must be an acquittal if there is a reasonable doubt as to whether the defendant did act in self-defense within the definition of that defense. Accordingly, if the issue of retreat is raised in connection with the defense of self-defense the jury should be instructed that the burden is also the State's to prove beyond a reasonable doubt that defendant knew he could have retreated with complete safety, and that if a reasonable doubt upon the question should exist, the issue of retreat must be resolved in defendant's favor." [Emphasis supplied.]
The trial judge in this case gave the jury a standard instruction on the State's burden to prove beyond a reasonable doubt that defendant was guilty of the crime charged in all its elements. He correctly defined murder and stated that "without justifiable cause or excuse" meant that the killing may not have occurred by accident or in self-preservation. The elements of first and second degree murder and of voluntary manslaughter were properly set forth.
The defense of self-defense, including the issue of retreat, was then explained, after which the trial judge told the jury that "in order to find the defendant guilty of any of the offenses I have mentioned, the State must prove each and every element of the offense beyond a reasonable doubt."
There is no doubt that a charge must be read as a whole in the context of the factual and legal issues presented in order to ascertain whether it fairly set forth the controlling legal principles and fairly submitted the crucial factual issues to the jury. State v. Laws, 50 N.J. 159, 176 (1967). If the subject matter is adequately covered "in the text and purport of the whole charge, no prejudicial error comes into existence." State v. Thompson, 59 N.J. 396, 411 (1971).
*234 The jury was not informed specifically that the State's burden of proving beyond a reasonable doubt that the homicide was murder included the burden of proving that the killing was not justified or excusable. Nor was it told that if a reasonable doubt as to defendant's guilt arose from a consideration of the issues of self-defense and retreat, such doubt must be resolved in favor of defendant.
We do not believe that the general instructions on burden of proof and reasonable doubt, or even the more specific instruction that the State must prove every element of the offense charged beyond a reasonable doubt, sufficiently alerted the jury to the fact that it was the State's burden to prove the untruth of the defense of self-defense beyond a reasonable doubt, and that the burden of proving the defense was not cast on defendant.
Such interpretation would have to be extrapolated from those segments of the charge which excluded from the definition of murder a killing with "justifiable cause or excuse," and which explained, though inaccurately, that "[w]ithout reasonable provocation or justifiable cause or excuse means that the killing may not have occurred by accident or in self-preservation." We are not persuaded that the jury could clearly comprehend the applicable principles of law from the charge as it was given.
Since the defense of self-defense was a critical issue in this case, defendant was entitled to have it placed before the jury in unmistakable terms, and it was the trial judge's obligation to dissipate the danger that the jury might misconstrue the law and place upon defendant the burden of proving the defense. Cf. State v. Garvin, 44 N.J. 268, 274 (1965). This is what State v. Abbott, supra, intended to ensure. In our view, considering the charge as a whole, the failure to incorporate within it at least the essence of State v. Abbott, supra, was clearly capable of producing an unjust result and thus constituted plain error mandating a reversal and a remand for a new trial.
*235 Having reached this conclusion, we need not consider the remaining assertions that (1) the prosecutor misled the jury in his summation as to the law of self-defense (not raised below), (2) the trial judge failed to charge as requested on death by misadventure, (3) involuntary manslaughter was not charged (not raised below), (4) defendant was not permitted to testify to decedent's reputation for violence (since prosecutor acknowledges that the inquiry was proper, we assume the problem will not recur at the new trial), (5) defendant was denied effective assistance of counsel, and (6) the aggregate effect of all errors denied defendant a fair trial. In any event, except as otherwise noted in the one instance, the contentions are not meritorious.
Reversed and remanded for a new trial.