STATE OF HAWAII, Plaintiff-Appellee *v.* DONALD ANGUS McNULTY, Defendant-Appellant

NO. 5978

DECEMBER 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant, Donald Angus McNulty, appeals from a judgment of conviction for murder and from an order denying his motion for new trial.

We affirm.

On February 21, 1975, appellant was charged with committing the offense of murder in violation of HRS § 707-701 (1976).[1] The indictment that followed alleged that on or about February 19, 1974, appellant "intentionally or knowingly" shot and killed Dion Yancey Cagle. On the basis of appellant's indigency, private counsel was appointed to undertake his defense.[2]

A jury trial was initiated on June 16, 1975. During the course of trial, appellant conceded that he had shot Cagle but argued that he had done so in self-defense. Thereafter, appellant was found guilty of murder and sentenced to imprisonment for a period of twenty years.

On September 25, 1975, appellant's appointed counsel withdrew from the case and new counsel was retained to

---

[1] HRS § 707-701 states in part that "a person commits the offense of murder if he intentionally or knowingly causes the death of another."

[2] The record indicates that the trial court appointed private counsel to undertake appellant's defense upon recommendation of the Office of the Public Defender, which due to case overload was unable to accept the case.

prosecute the instant appeal. Appellant, through his new counsel, then filed a motion for new trial on the ground that newly discovered evidence had surfaced. After a full evidentiary hearing on the matter, the trial court denied this motion.

On appeal, McNulty urges reversal of his conviction and of the order denying new trial on the following grounds: (1) the trial court erred in failing to specifically instruct the jury that, in order to convict appellant of murder or the lesser-included offense of manslaughter, the State must prove the absence of self-defense beyond a reasonable doubt; (2) the trial court erred in failing to instruct the jury that it could convict appellant of no greater offense than manslaughter if it found that he had an actual, although unreasonable, belief that his use of deadly force against Cagle was necessary to protect him against death or serious bodily injury; (3) the trial court erred in instructing the jury that, in order for the use of deadly force to have been justified, the danger to the appellant must have been *imminent;* (4) the trial court erred in denying appellant's motion for new trial on the ground that the proffered evidence was not newly discovered; and (5) appellant was denied effective assistance of counsel at his trial.

## JURY INSTRUCTIONS

Appellant contends that the trial court erred in neglecting to specifically instruct the jury that the state had the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense at the time of the alleged crime. He argues that such an omission could have led the jury to believe that it was the accused's burden to prove self-defense and thus denied him of his right to a fair trial.

HRS § 703-301 (1976)[3] provides that justification, including the use of force in self-defense, is a complete defense in

---

[3] HRS § 703-301 provides in part:

In any prosecution for an offense, justification, as defined in sections 703-302 through 703-309, is a defense.

HRS §§ 703-304(1) and (2)(1976), the relevant self-defense provisions, state:

(1) Subject to the provisions of this section and section 703-308, the use of force upon or toward another person is justifiable when the actor believes that

any prosecution for an offense. Justification is not an affirmative defense within the meaning of HRS § 701-115 (1976) and, as such, once evidence of justification has been adduced at trial, the prosecution has the burden of *disproving*, beyond a reasonable doubt, the facts constituting justification.[4]

In the instant case, the jury was given the following self-defense instruction:

> In order to justify the taking of human life in self-defense, the defendant must reasonably and honestly believe that he is in danger of death or of serious bodily injury; and further, he must believe that it was necessary for him to use, in his defense and to avoid death or serious bodily injury to himself, such force or means as might cause the death of his adversary. The danger to the defendant must be apparent and must be present and imminent, and the killing must be done under a well-founded belief that it is necessary to save one's self from death or serious bodily injury.
>
> The kind and degree of force which a person may lawfully use in self-defense are limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would estimate and thus believe to be necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that he is acting, and may act, in self-defense, he is not justified in using a degree of

such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.

(2) The use of deadly force is justifiable under this section if the actor believes that deadly force is necessary to protect himself against death, serious bodily injury, kidnapping, rape, or forcible sodomy.

[4] HRS § 701-115(3) provides that a defense is an affirmative defense only if it is so designated by the Hawaii Penal Code or another statute, or the Code or another statute "plainly requires the defendant to prove the defense by a preponderance of the evidence."

HRS § 701-115(2) embodies two rules as to the burden of persuasion in cases in which a defense has been raised. In cases involving an affirmative defense, the defendant must prove the facts constituting the defense by a preponderance of the evidence. On the other hand, in cases involving a defense other than an affirmative defense, the prosecution as part of its burden of persuasion must prove beyond a reasonable doubt the facts negativing the defense.

force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances. Although this instruction was preceded by a general instruction as to the prosecution's burden of proving all elements of the offense of murder, and the lesser-included offense of manslaughter, no specific charge that the prosecution had the burden of proving the *absence* of self-defense was given.[5] The record indicates that, although appellant's trial counsel had initially requested such an instruction, it was later withdrawn during final settlement of instructions in chambers.[6]

---

[5] The court's general burden of proof instruction read as follows:

Every defendant is presumed to be innocent of the offense charged in an indictment, and so strong is this presumption that it clings to him, surrounds, shields, and protects him throughout the trial of this case, unless and until you are convinced beyond a reasonable doubt to the contrary. . . .

.   .   .   .

A jury must not convict a person charged with crime upon mere suspicion, however strong, or simply because there is considerable or even a preponderance of the evidence in the case against him. What the law requires before a defendant can be convicted of a crime is not suspicion, not probabilities, but proof of his guilt beyond a reasonable doubt.

The burden is upon the prosecution to prove the accused guilty beyond a reasonable doubt of every material element of the crime charged, and a defendant has the right to rely upon a failure of the prosecution to establish such proof.

.   .   .   .

In this case, you must first determine whether the defendant is guilty or not guilty of Murder. If, and only if, you find that the offense of Murder has not been proved from the evidence beyond a reasonable doubt, then you may consider whether or not the defendant is guilty of a lesser-included offense.

In order to find the defendant guilty of a lesser-included offense, you must find that the same has been proved by all the evidence beyond a reasonable doubt.

[6] Defendant's Requested Instruction No. 5 read in part:

If evidence of self-defense is present, the Government must prove beyond a reasonable doubt that the defendant did not act in self-defense. If you find that the Government has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, you must find the defendant not guilty. In other words, if you have a reasonable doubt whether or not the defendant acted in self-defense, your verdict must be not guilty.

(Taken from DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS (2d ed. 1970) § 43.19).

When scrutinizing alleged error in jury instructions, we must examine the instructions in their entirety. *State v. Shon,* 47 Haw. 158, 168, 385 P.2d 830, 837 (1963); *State v. Yoshida,* 45 Haw. 50, 64, 361 P.2d 1032, 1040 (1961). Here, we believe that the court's instructions, taken as a whole, were less than ideal. In failing to specifically allocate the burden of disproving self-defense to the state, the instructions could have permitted the jury to believe that the appellant, having raised the issue of justification, was obligated to prove it. *See United States v. Corrigan,* 548 F.2d 879 (10th Cir. 1977); *Frazier v. Weatherholtz,* 411 F. Supp. 349 (W.D.Va. 1976); *cf. Pratti v. United States,* 389 F.2d 660, 661-62 (9th Cir. 1968) (refusal of the trial court to instruct the jury that the prosecution had the burden of negating defendant's defense of entrapment constituted reversible error); *Notaro v. United States,* 363 F.2d 169 (9th Cir. 1966) (misleading jury instruction as to the prosecution's burden of proving absence of entrapment defense reversal).

While refusal by the trial court to charge the jury as to the state's burden of disproving self-defense may in some cases constitute reversible error, *see, e.g., United States v. Corrigan, supra,* here, however, the specific burden of proof instruction was voluntarily withdrawn by the appellant and no objection to the court's instructions was raised. Under these circumstances, appellant may not now challenge the propriety of the court's charge. Rule 30(e), HRCrP (1960). *See State v. Onishi,* 59 Haw. 384, 581 P.2d 763 (1978); *State v. Iaukea,* 56 Haw. 343, 354-55, 537 P.2d 724, 733 (1975). *See also Hankerson v. North Carolina,* 423 U.S. 233, 244 n.8 (1977); *Lopez v. United States,* 373 U.S. 427, 436-37 (1963). Although we have the power, *sua sponte,* to notice plain errors affecting substantial rights not objected to at trial, *State v. Onishi, supra,* other courts have consistently refused to find plain error in cases where a specific burden of proof instruction relating to he accused's interposed defense was omitted without objection. *See United States v. Jackson,* 569 F.2d 1003, 1008-11 (7th Cir. 1978); *Gorvernment of Virgin Islands v. Cruz,* 478 F.2d 712, 717-18 (3rd Cir. 1973); *United States v. Rodriguez,* 446 F.2d 859, 860 (9th Cir. 1971), *cert. denied,* 404

U.S. 1021 (1972); *United States v. Levin,* 443 F.2d 1101, 1107 (8th Cir.), *cert. denied,* 404 U.S. 944 (1971); *Esposito v. United States,* 436 F.2d 603, 604 (9th Cir. 1970); *United States v. Conversano,* 412 F.2d 1143, 1148-49 (3rd Cir.), *cert. denied,* 396 U.S. 905 (1969); *Nordeste v. United States,* 393 F.2d 335, 339-40 (9th Cir.) *cert. denied,* 393 U.S. 878 (1968); *State v. Love,* 285 Minn. 444, 449-52, 173 N.W.2d 423, 426-27 (1970).[7] *But see State v. Brown,* 131 N.J. Super. 228, 329 A.2d 347 (1974), *aff'd,* 66 N.J. 146, 329 A.2d 340.

With respect to the trial court's failure, without objection, to expressly charge the jury as to the prosecution's burden of proving the absence of an entrapment defense, the court of appeals in *United States v. Conversano, supra,* stated:

> Although [the trial judge] charged that the burden was on the prosecution to prove beyond a reasonable doubt that defendant was guilty of each element of the crime for which he was accused, he did not tell them that this same burden was also on the Government to establish that entrapment did not occur. However, no point for charge was submitted concerning it nor was any objection made to the charge of the court at the close thereof, and we see no reason, under these circumstances, to invoke the Plain Error Rule, Federal Rule of Criminal Procedure 52(b), and, accordingly, absent any objection by the defendant, no substantial rights of his were affected as to warrant consideration without such objection. *Lopez v. United States,* 373 U.S. 427, 436, 83 S.Ct. 1381, 10 L.Ed. 2d 462 (1963); *Reid v. United States,* 334 F.2d 915, 917 (C.A. 9, 1964); *Martinez v. United States,* 300 F.2d 9-10 (C.A. 10, 1962).
>
> While it has been held that the burden is on the Government to prove beyond a reasonable doubt that the defendant was not entrapped when that defense is properly raised, *United States v. Landry,* 257 F.2d 425 (C.A. 7, 1958), it also has been held that the trial court's refusal to

---

[7] Had the trial court's instruction expressly put the burden of proving self-defense on appellant, we would have been inclined to notice plain error. *See United States v. Levin, supra* at 1107.

so charge upon request is reversible error, *Pratti v. United States*, 389 F.2d 660 (C.A. 9, 1968), but we reiterate that since no objection to the charge on this point was made, we, therefore, must deem the general instructions given on the burden of proof to be broad enough to have covered the issue of entrapment. *United States v. Salas*, 387 F.2d 121 (C.A. 2, 1967).

412 F.2d at 1149 (footnote omitted).[8]

We hold that appellant would have been entitled, upon proper request, to have the trial court specifically instruct the jury that the prosecution's burden of persuasion included proving that appellant had not acted in self-defense at the time of the alleged crime. However, because he failed to object at trial, appellant is now precluded from raising the failure of the court to give such an instruction as a ground for reversal on appeal, and the court's general burden of proof instruction will be deemed sufficient to cover the issue of self-defense.

Also with respect to the trial court's jury instructions, appellant argues that the court's charge erroneously allowed the jury to find appellant guilty of murder even though it found that appellant had an actual, but unreasonable, belief that deadly force was necessary in self-defense. Further, he asserts that it was error to instruct the jury that, in order to perfect the defense of justification, the danger posed by the deceased (Cagle) must have been "imminent." These instructions were given by agreement of counsel and no objections to them were raised at trial. We believe that appellant is now precluded from challenging their propriety by virtue of Rule 30(e), HRCrP (1960).

## MOTION FOR NEW TRIAL

Appellant, through his newly retained counsel, filed a

---

[8] Although Conversano involved the failure to instruct the jury as to the burden of persuasion of the defense of entrapment, we think it is indistinguishable for present purposes from the instant case since there, as here, the prosecution had the burden of disproving beyond a reasonable doubt the facts constituting the interposed defense.

post-verdict motion for new trial alleging that newly discovered evidence had been uncovered. After a full evidentiary hearing in which both appellant and his prior appointive counsel testified, the trial court denied said motion on the grounds that the evidence that was supposedly "newly discovered" was known to appellant's appointive counsel prior to trial, that appellant's counsel had discussed said evidence with appellant before trial, and that appellant had independent knowledge of some matters relating to said evidence prior to trial.

Appellant's motion was supported by affidavits of an attorney who had defended Cagle in a prior criminal trial and of appellant himself. The attorney's affidavit stated that appellant's trial counsel had contacted him in regards to appellant's upcoming trial and that during this time he informed appellant's counsel of his prior representation as a public defender of Cagle on a murder charge. Cagle's former attorney alleged that he told appellant's counsel that he believed Cagle was a "wild man" who "loved to drink and fight." His affidavit further provided that he had been available as a potential witness in appellant's trial and that, had he been asked, he would have testified as to certain private observations which would have portrayed Cagle as an extremely aggressive and violent individual.

In appellant's affidavit, he stated, *inter alia,* that he had not been advised of his appointive counsel's conversation with Cagle's former attorney and, had he been aware of this potential witness, he would have "insisted that he (Cagle's former attorney) be called as a witness" in appellant's behalf. Appellant's trial counsel, on the other hand, asserted both in his testimony at the hearing for new trial and in an affidavit incorporated into the prosecution's opposing memorandum that he had apprised appellant of his conversation with Cagle's former attorney a few days before trial and that his decision not to offer the attorney's testimony was made in good faith and pursuant to his professional judgment.

A motion for new trial based on newly discovered evidence will be granted only if all of the following requirements have been satisfied: (1) the evidence has been discovered

after trial; (2) such evidence could not have been discovered before or at trial through the exercise of due diligence; (3) the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and (4) the evidence is of such a nature as would probably change the result of a later trial. *Territory v. Abad,* 39 Haw. 393, 395, *appeal dismissed,* 206 F.2d 861 (9th Cir. 1953). The denial of a motion for new trial is within the sound discretion of the trial court and will not be upset absent a clear abuse of discretion. *See Harkins v. Ikeda,* 57 Haw. 378, 380, 557 P.2d 788, 790 (1976); *Struzik v. City and County of Honolulu,* 50 Haw. 241, 246, 437 P.2d 880, 884 (1968). After a thorough examination of the record, we are convinced that the trial court's denial of appellant's motion for new trial was proper.

In determining whether evidence is, in truth, newly discovered and whether sufficient diligence was used to learn of such evidence, the composite knowledge of both the accused and his counsel will be considered. *See* 2 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Criminal § 557 at 516, 521-22 (1969). Thus, evidence known to defendant's counsel before or at trial does not constitute newly discovered evidence justifying new trial. *See United States v. Bertone,* 249 F.2d 156, 160-61 (3d Cir. 1957); *People v. Fain,* 174 Cal. App. 2d 856, 864-65, 345 P.2d 305, 310 (1959); *Hilt v. State,* 91 Nev. 654, 661, 541 P.2d 645, 650 (1975); *Hill v. State,* 567 P.2d 516, 522 (Okla. Crim. 1977), *Garcia v. State,* 501 P.2d 1128, 1140 (Okla. 1972). Here, it is uncontroverted that appellant's trial counsel was aware that Cagle's former counsel possessed information relating to Cagle's character but chose not to call him to testify at appellant's trial. This evidence cannot be considered newly discovered. Moreover, even if appellant's trial counsel was without knowledge of some of the evidence which appellant relied upon in his motion for new trial, appellant has not affirmatively demonstrated that due diligence was exercised to procure such evidence prior to the conclusion of trial. *See Deponte v. Ulupalakua Ranch,* 49 Haw. 672, 427 P.2d 94 (1967).

## EFFECTIVE ASSISTANCE OF COUNSEL

Appellant's final contention is that he was denied the effective assistance of counsel at his trial inasmuch as his appointive counsel's ignorance of the relevant case law resulted in the jury being erroneously instructed as to the law of self-defense and inasmuch as counsel knowingly failed to adduce admissible evidence crucial to and supportive of the appellant's defense of justification.

In *State v. Kahalewai*, 54 Haw. 28, 501 P.2d 977 (1972), we stated that in order to establish inadequacy of counsel the appellant must demonstrate that his counsel's actions at trial were both unreasonable and the result of constitutionally inadequate preparation rather than informed judgment. 54 Haw. at 32, 501 P.2d at 980. Although, in retrospect, the reasonableness of appellant's trial counsel's actions is questionable, we are not convinced that he was uninformed as to the relevant law of self-defense. Appellant argues that his trial counsel was ignorant of the fact that one who had an actual, although unreasonable, belief that use of deadly force was necessary in self-defense could not be convicted of murder under HRS § 703-310 (1976). However, this proposition is far from being an established rule of law in Hawaii.[9] The failure of counsel to assert every novel, albeit plausible, legal theory in the defense of an accused does not in itself reflect his ignorance of the law. Appellant further argues that trial counsel's voluntary withdrawal of a requested instruction which correctly placed the burden of persuasion with respect to self-defense on the prosecution also evidences his ignorance of the law. We disagree. The fact that trial counsel tendered such an instruction in the first place could very well reflect his awareness of the possibility of giving it. *See People*

---

[9] Although a few jurisdictions recognize that one who honestly but unreasonably believed that the use of deadly force was necessary in self-defense can only be convicted of manslaughter, *see e.g., Allison v. State*, 74 Ark. 444, 454, 86 S.W. 409, 413 (1905); *State v. Thomas*, 184 N.C. 757, 762, 113 S.E. 834, 837 (1922); *Commonwealth v. Colandro*, 231 Pa. 343, 80 A.571 (1911); *see also* Model Penal Code § 3.04, Comment at 15-17, § 3.09 Comment at 76-79 (Tent. Draft No. 8, 1959), HRS § 703-310 has not yet been so construed nor has this jurisdiction ever recognized such a view.

*v. Lewis*, 55 Ill. App. 3d 1022, 371 N.E.2d 672, 676 (1977).[10]

Appellant's final basis for asserting ineffective assistance of counsel stems from the failure of his trial counsel to call Cagle's former attorney to testify as to Cagle's violent propensities. However, the decision of whether or not to call a witness in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second guessed by judicial hindsight. *See Sherill v. Wyrick*, 524 F.2d 186, 190 (8th Cir.), *cert. denied*, 424 U.S. 923 (1976); *United States v. Yanishefsky*, 500 F.2d 1327, 1331-32 (2d Cir. 1974); *Walker v. Henderson*, 492 F.2d 1311, 1314 (2d Cir.), *cert. denied*, 417 U.S. 972 (1974), *People v. Beagle*, 6 Cal.3d 441, 458, 492 P.2d 1, 12, 99 Cal. Rptr. 313, 324 (1972); *Bell v. United States*, 260 A.2d 690 (D.C. 1970). In light of the fact that appellant's trial counsel called two competent witnesses, in addition to appellant himself, to testify as to Cagle's character, we fail to see how his omission denied appellant his right to effective counsel.

Viewing the record in its entirety, we cannot say that the manner in which appellant's appointive counsel undertook appellant's defense was outside "the range of competence demanded of attorneys in criminal cases." *State v. Kahalewai*, 54 Haw. at 30-32, 501 P.2d at 979-80.

Affirmed.

*David Schutter* and *Jan M. Weinberg (Schutter, O'Brien & Weinberg* of counsel) for defendant-appellant.

*Lydia Garcia*, Deputy Prosecuting Attorney for plaintiff-appellee.

---

[10] Appellant also contends that his trial counsel's ignorance of the law of self-defense permitted the jury to be instructed that the danger posed to one acting in self-defense must have been imminent. We believe that such error. if error at all, was harmless.