JUSTIN VANDENBERG, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 28083
Intermediate Court of Appeals of Hawaii.
May 11, 2009.
On the briefs:
Dwight C.H. Lum, for Petitioner-Appellant.
Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
(By: Recktenwald, C . J., Foley and Nakamura, JJ.)
Petitioner-Appellant Justin Vandenberg appeals from the July 3, 2006 Order Denying, Without Evidentiary Hearing, Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, as Amended[1] (Order) entered in the Circuit Court of the Second Circuit (circuit court).[2]
This case relates to an incident on July 15, 1991, during which Vandenberg shot and killed Richard Rabellizsa at Black Sand Beach in Makena, Maui. Vandenberg was indicted for Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-701.5 (Supp. 1991) (Count One), Possession or Use of a Firearm in the Commission of a Felony, in violation of HRS § 134-6(a) (Supp. 1991) (Count Two), and Carrying a Pistol or Revolver without a License, in violation of HRS §§ 134-6 and 134-9(c) (Supp. 1991) (Count Three).
After a jury trial, Vandenberg was convicted of Counts Two and Three, but the jury could not reach a verdict as to Count One. Vandenberg filed a motion for a new trial as to Count Two. After conducting a hearing on the matter, the court ordered that Count Two be retried with Count One. Following a second trial, the jury found Vandenberg guilty of Counts One and Two.[3]
Vandenberg was represented by different counsel in his appeal from the convictions (direct appeal). He appealed on the following grounds: (1) the circuit court erred in admitting a "gruesome" videotape of Rabellizsa's body being "manipulated" by officers at Black Sand Beach; (2) the circuit court erred in allowing the prosecution in the second trial to elicit testimony that Vandenberg's weapon was not registered; (3) his trial counsel was ineffective for failing to bring a motion to dismiss the indictment based on the denial of his right to a speedy trial; (4) his trial counsel was ineffective for reserving his opening statement in the second trial; (5) his trial counsel was ineffective for failing to call Kevin Coleman in the second trial; and (6) his trial counsel was ineffective for failing to "effectively argue for the reduced charge of manslaughter." This court affirmed the judgments in both trials without prejudice to Vandenberg filing a Hawai'i Rules of Penal Procedure (HRPP) Rule 40 Petition on trial counsel's failure to call Coleman as a witness in the second trial. See State v. Vandenberg, No. 91-0306(3) (App. Nov. 14, 1996) (mem. op.) ("Memorandum Opinion").
Vandenberg then filed an Application for a Writ of Certiorari on the grounds that the circuit court erred in admitting the "gruesome" videotape and in allowing the prosecutor to argue that the gun he used in the shooting was unregistered. That application was denied.
Vandenberg subsequently filed a motion to correct illegal sentence on the ground that Count One is an included offense of Count Two. The Hawai'i Supreme Court reversed Vandenberg's conviction and sentence on Count Two.
On October 4, 2005, Vandenberg filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody based on HRPP Rule 40 (Rule 40 Petition). He raised the following five grounds for relief: (1) ineffective assistance of trial counsel for failing to call Coleman and Skye Nichols to testify in the second trial; (2) ineffective assistance of trial counsel for failing to object to a jury instruction on defense of others in the second trial; (3) ineffective assistance of trial counsel for failing to present evidence of specific instances of Rabellizsa's prior history of violent and aggressive behavior; (4) ineffective assistance of appellate counsel for failing to properly preserve the argument that testimony that Vandenberg's gun was unregistered was prejudicial; and (5) ineffective assistance of appellate counsel for failing to argue in the application for writ of certiorari that trial counsel was ineffective. Vandenberg requested, and received, leave to include a sixth ground for relief, that appellate counsel was ineffective for failing to argue that the jury instruction on defense of others was clearly erroneous.
On July 3, 2006, the circuit court entered the Order denying Vandenberg's Rule 40 Petition without a hearing. On August 14, 2006, the circuit court entered the Order of Correction.
On appeal, Vandenberg argues that the circuit court abused its discretion by denying his Rule 40 Petition without a hearing. Vandenberg challenges the Order "in its entirety," but specifically argues that the following grounds constituted a "colorable claim" for post-conviction relief:
(1) His trial counsel was ineffective for failing to call Coleman and Nichols to testify in the second trial because their testimony would have "substantially aided the defense."
(2) His trial counsel was ineffective for failing to object to the jury instruction on defense of others in the second trial, and he did not waive this argument by failing to address it on direct appeal.
(3) His trial counsel was ineffective for failing to present evidence of specific instances of Rabellizsa's prior history of violent or aggressive behavior, and he did not waive this argument by failing to address it on direct appeal.
(4) His appellate counsel was ineffective for failing to properly reference the record on appeal in support of the argument that testimony that Vandenberg's gun was unregistered was prejudicial. The argument was accordingly deemed waived by this court in the Memorandum Opinion.
(5) His appellate counsel was ineffective for failing to argue in his application for writ of certiorari that trial counsel was ineffective.
(6) His appellate counsel was ineffective for failing to argue that the jury instruction on defense of others was erroneous.
After a careful review of the record and briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Vandenberg*s points of error as follows:
(1) The circuit court did not err by denying the Rule 40 Petition without a hearing on the issue of whether it was ineffective for trial counsel not to call Coleman and Nichols as witnesses in the second trial. HRPP Rule 40(f); Barnett v. State, 91 Hawai'i 20, 26, 979 P.2d 1046, 1052 (1999). As an initial matter, we do not read the Memorandum Opinion as requiring that the circuit court hold an evidentiary hearing on remand with regard to Coleman's testimony. Vandenberg, mem. op. at 11. To the contrary, the Memorandum Opinion makes clear that Coleman's testimony in the first trial was not properly before this court, id., and thus did not preclude the possibility that the circuit court could conclude, based on a review of that testimony, that trial counsel was not ineffective for failing to call Nichols and Coleman. Briones v. State, 74 Haw. 442, 4 62-63, 848 P.2d 966, 976 (1993).
At the second trial, trial counsel called Bridgette Fleming and Craig Eric Guggolz, who, along with Vandenberg, testified as to Rabellizsa's erratic and aggressive behavior at Kalama Park. The testimony of Coleman and Nichols on that issue would have been cumulative, and accordingly, did not result in the withdrawal or substantial impairment of a potentially meritorious defense. State v. Silva, 75 Haw. 419, 440, 864 P.2d 583, 593 (1993); State v. McNulty, 60 Haw. 259, 269, 588 P.2d 438, 446 (1978), overruled on other grounds by Raines v. State, 79 Hawaii 219, 900 P.2d 1286 (1995).
(2) The circuit court did not err by denying the Rule 40 Petition without a hearing on the issue of whether trial counsel was ineffective for not objecting to the jury instruction on defense of others. This issue was waived because Vandenberg was represented on direct appeal by counsel that was different from trial counsel, and Vandenberg has not established extraordinary circumstances justifying the failure to raise the issue on direct appeal. HRPP Rule 40(a)(3). Moreover, the instruction was not prejudicially misleading or otherwise erroneous,[4] State v. Gonsalves, 108 Hawai'i 289, 292-93, 119 P.3d 597, 600-01 (2005), and, even assuming arguendo that there was error, any error was harmless beyond a reasonable doubt.
At the close of the second trial, the circuit court instructed the jury on defense of others as follows:
INSTRUCTION NO. 24
Justifiable use of force in defense of another person is a defense to the charge of Murder in the Second Degree. The burden is on the prosecution to provide beyond a reasonable doubt that the force used by the defendant was not justifiable. If the prosecution does not meet its burden, then you must find the defendant not guilty.
The use of force upon or toward another person is justified to protect a third person when:
(1) Under the circumstances as the defendant reasonably believed them to be, Bridgette Fleming or Josh LaCroix would have been justified in using such force to protect himself or herself; and
(2) The defendant reasonably believed that his intervention was immediately necessary to protect Bridgette Fleming or Josh LaCroix.
The reasonableness of the defendant's belief that the use of such protective force was immediately necessary shall be determined from the viewpoint of a reasonable person in the defendant's position under the circumstances of which the defendant was aware or as the defendant reasonably believed them to be.
Bridgette Fleming and Josh LaCroix would have been justified in using deadly force upon or toward Richard Rabellizsa if they reasonably believed that deadly force was immediately necessary to protect himself or herself on the present occasion against death, serious bodily injury or rape.
The use of deadly force is not justifiable if the defendant, with the intent of causing death or serious bodily injury, provoked the use of force against himself in the same encounter, or if the defendant knows that he can avoid the necessity of using such force with complete safety by retreating.
If and only if you find that the defendant was reckless in having a belief that he was justified in using self-protective force against another person, or that the defendant was reckless in acquiring or failing to acquire any knowledge or belief which was material to the justifiability of his use of protective force against the other person, then the use of such self-protective force is unavailable as a defense to the offense of Manslaughter, the requisite mental state of which is reckless [ness] .
We disagree with Vandenberg's contention that Instruction No. 24 failed to inform the jury that a defendant is not obliged to retreat unless the defendant knows that he or she can thereby secure the complete safety of the third person. HRS § 703-305(2)(a). The second to the last paragraph states that the use of deadly force is not justifiable to protect a third party "if defendant knows that he can avoid the necessity of using such force with complete safety by retreating." Read in context of the entire instruction,[5] the "necessity" for using force described in that paragraph refers to the threat to the third party, and the instruction thus advises the jury that the defendant must retreat only if he knows that he can avoid "the necessity of such force with complete safety" of that third party.[6]
Even if we were to find that the instruction was a potentially misleading statement of the law, any error would have been harmless beyond a reasonable doubt. Vandenberg testified that he told Fleming to remain at the car immediately prior to the shooting, and that he did not know where Lacroix was when he shot Rabellizsa.[7] Thus, even under Vandenberg's own account, neither Fleming nor Lacroix were in the immediate vicinity when Vandenberg shot Rabellizsa. Accordingly, it was not "necessary" for Vandenberg to use deadly force to protect them. HRS § 703-305(1)(b).
Moreover, we note that the jury was also instructed on self-defense, and necessarily rejected that defense in finding Vandenberg guilty. Given the evidence at trial, it is not reasonably possible that a jury would find that Vandenberg lacked justification to use deadly force to protect himself from Rabellizsa, but that he would have been justified in using it to protect Fleming and Lacroix.
(3) The circuit court did not err by denying the Rule 40 Petition without a hearing on the issue of whether Vandenberg's trial counsel was ineffective for failing to introduce specific instances of Rabellizsa's prior history of violent and assaultive behavior. This issue was waived because Vandenberg was represented on direct appeal by counsel that was different from trial counsel, and Vandenberg has not established extraordinary circumstances justifying the failure to raise the issue on direct appeal. HRPP Rule 40(a)(3).
In any event, the record indicates that trial counsel called Dr. Thomas Merrill as a defense witness at the second trial, and Dr. Merrill testified at length regarding Rabellizsa's propensity for aggression and violence, particularly when he was under the influence of alcohol.[8] The omission of testimony regarding the details of certain specific incidents was not so significant as to result in the withdrawal or substantial impairment of a potentially meritorious defense.
(4) Appellate counsel's failure to properly support Vandenberg's challenge to the admission of evidence regarding Vandenberg's handgun being unregistered did not result in the withdrawal or substantial impairment of a potentially meritorious defense, given the strength of the evidence against Vandenberg and the nature of the challenged evidence. See State v. Edwards, 81 Hawai'i 293, 301, 916 P.2d 703, 711 (1996) (concluding that "given the overwhelming nature of the evidence linking [defendant] to the crimes charged," defense counsel's failure to object did not "result[] in either the withdrawal or substantial impairment of a potentially meritorious defense"). Fleming and Lacroix testified that Vandenberg shot Rabellizsa while Rabellizsa was sitting in the sand with his back to Vandenberg, and that there was no struggle, fight, or threats made by Rabellizsa at Black Sand Beach. The physical evidence from the scene, including the position of Rabellizsa's body, is consistent with Fleming and Lacroix's account of events. Moreover, Vandenberg wrote a note on a pad, which he left next to his bed, which reads verbatim:
Today is July 16th and Im really confused as to what happened Last Nite. I was sitting at kalama Park drinking Whiskey Jack Daniels and Southern Comfort to be exact. Then Uncle Richard rolls up talking his local bullshit he said one thing or another to my girlfriend. We took him to black sands and I shot him in the head 3 times with a 380. he just laid there he knew when he got in the car. he said "What you guys going shoot me or what?" then he said "Right now I give you 2,000$ to just take me home" Uncle Richard never made it home. I wonder about myself sometimes.
In addition to the strength of the evidence against Vandenberg, the prejudicial effect of the testimony about the handgun being unregistered was limited. The State did not argue in closing argument that the fact that Vandenberg owned an unregistered handgun demonstrated his propensity to commit other crimes.
Accordingly, the error by appellate counsel in failing to properly support the argument regarding the unregistered handgun in Vandenberg's direct appeal to this court did not result in the withdrawal or substantial impairment of a potentially meritorious defense.
In view of our disposition of issues 1-4, issues 5 and 6 are without merit since any lack of diligence by appellate counsel did not result in the withdrawal or substantial impairment of a potentially meritorious defense.
Accordingly, the July 3, 2006 Order Denying, Without Evidentiary Hearing, Petition to Vacate, Set Aside, or Correct Judgment as to Release Petitioner from Custody, as Amended, entered in the Circuit Court of the Second Circuit, is hereby affirmed.
NOTES
[1] On August 14, 2006, the circuit court entered an Order of Correction which amended the title of the July 3, 2006 Order as well as a passage describing the entry and exit points of bullet wounds suffered by Rabellizsa.
[2] The Honorable Joseph E. Cardoza presided.
[3] The Honorable Boyd P. Mossman presided.
[4] Although the State concedes that the instruction was erroneous, we are not bound by that concession and must exercise our independent judgment. State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005).
[5] The circuit court also instructed the jury that it "must consider all of the instructions as a whole and consider each instruction in the light of all of the others. Do not single out any word, phrase, sentence or instruction and ignore the others. Do not give greater emphasis to any word, phrase, sentence or instruction simply because it is repeated in these instructions."
[6] To the extent that there is a "necessity" for a defendant to use force to protect himself or herself as opposed to the third party, the applicable legal principles are set forth in HRS § 703-304, rather than HRS § 703-305. That distinction was reflected in the instructions given here, which contained separate instructions for self-defense and for defense of others.
[7] Both Fleming and Lacroix testified that they were not threatened in any way by Rabellizsa at Black Sand Beach, and that they were behind Vandenberg when he shot Rabellizsa.
[8] There was testimony at trial that Rabelliza's blood alcohol level at the time of his death was 0.24 percent.