**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000740**
**27-JUN-2025**
**08:31 AM**
**Dkt. 95 SO**

NO. CAAP-22-0000740

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DANIEL R. **Granillo**, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR191000004)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

On January 24, 1991, Daniel R. **Granillo** was convicted
of Kidnapping, two counts of Sexual Assault in the First Degree,
and Attempted Sexual Assault in the First Degree. On January 24,
2019, Granillo petitioned the Circuit Court of the Second Circuit
to vacate his conviction under Hawaiʻi Rules of Penal Procedure
(**HRPP**) Rule 40. The court denied the petition after a hearing.[1]
Granillo appeals from the December 16, 2022 *Judgment*. We affirm,
but for reasons other than those stated by the Circuit Court.

A grand jury indicted Granillo on June 23, 1989. At
trial the complaining witness (**CW**) testified she was in a parking
lot on the evening of May 26, 1989, waiting for a friend. A
light-colored car pulled up. Granillo got out, hit her, dragged
her into the car, and drove to a beach. He pulled out a knife
and held it to CW's neck and chest. He said he'd kill her if she

---

[1] The Honorable Peter T. Cahill presided.

didn't stop crying. He sexually assaulted her twice and threatened to have anal sex with her. She got her pants up, jumped out of the car, hid in the bushes, and waited until Granillo left.

Federal Bureau of Investigation (**FBI**) special agent Wayne **Oakes** also testified. The trial court qualified Oakes as an expert witness in hair and fiber analysis. Oakes testified he examined a strand of hair recovered from Granillo's car. It was broken at the root end, indicating it had been forcibly removed. He compared it with a hair from CW's head. "[T]hey were microscopically the same." Oakes concluded that the hair recovered from Granillo's car had come from CW.

Oakes examined CW's panties. He recovered textile fibers from the panties. He compared them to fibers from the seat cover in Granillo's car. "[T]hey were microscopically identical; in other words, the foreign fibers on [CW]'s panties were like the fibers composing the seat cover from [Granillo]'s vehicle."

Oakes examined CW's pants. He found "numerous marine acrylic fibers which were consistent with coming from the seat cover of [Granillo]'s vehicle." He also found "brown and gray carpet fibers" that "were microscopically the same" as "known carpet fibers from the front left floor portion of [Granillo]'s vehicle[.]" He concluded that the carpet fibers found on CW's pants "were consistent with coming from the floor of [Granillo]'s vehicle." He agreed that his findings were "consistent with the allegation that [CW] was in the car with her pants off and her panties exposed."

A jury found Granillo guilty as charged. On January 24, 1991, he was sentenced to consecutive 20-year terms of imprisonment. He appealed. We affirmed. <u>State v. Granillo</u>, No. 15178, 1992 WL 66217 (Haw. App. Mar. 16, 1992).

Over twenty-six years later, by **Letter** dated October 2, 2017, the United States Department of Justice (**DOJ**) informed the Maui County Prosecuting Attorney it had

> determined that the microscopic hair comparison analysis testimony or laboratory report presented in this case included statements that exceeded the limits of science in one or more of the following ways and were, therefore, invalid: . . . (2) the examiner assigned to the positive association a statistical weight or probability or provided a likelihood that the questioned hair originated from a particular source[.]

The Prosecuting Attorney's office sent the DOJ Letter to Granillo. On January 24, 2019, Granillo petitioned the circuit court to vacate his conviction under HRPP Rule 40. A hearing was held on October 21, 2022. On December 16, 2022, the court entered an order denying Granillo's petition, and the Judgment. This appeal followed.

Granillo states two points of error: **(1)** "The circuit court erred in applying the wrong standard to find harmless error in the admission of the bogus hair and fiber evidence in Granillo's 1990 trial"; and **(2)** "The circuit court erred in making weight and credibility determinations based upon the transcript of Granillo's 1990 trial where the HRPP Rule 40 judge was not the 1990 trial judge and the trial was a jury trial."

HRPP Rule 40 (eff. 2006) provides, in relevant part:

> (a) Proceedings and grounds. . . .
>
> (1) FROM JUDGMENT. At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:
>
> . . . .
>
> (iv) that there is newly discovered evidence[.]

The Hawaiʻi Supreme Court

> has adopted a four-part test to decide if newly discovered evidence warrants a new trial: (1) the evidence has been discovered after trial; (2) such evidence could not have been discovered before or at trial through the exercise of due diligence; (3) the evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and (4) the evidence is of such a nature as would probably change the result of a later trial.

Haw. Police Dep't v. Kubota, 155 Hawaiʻi 136, 145, 557 P.3d 865, 874 (2024) (quoting State v. McNulty, 60 Haw. 259, 267-68, 588 P.2d 438, 445 (1978), overruled on other grounds by Raines v. State, 79 Hawaiʻi 219, 900 P.2d 1286 (1995), and overruled on other grounds by State v. Eberly, 107 Hawaiʻi 239, 112 P.3d 725 (2005)).

Granillo argues that the Circuit Court applied "the wrong standard." The Circuit Court applied the *harmless error* standard. It should have applied the McNulty test because Granillo's petition was based on newly discovered evidence. 60 Haw. at 267-68, 588 P.2d at 445.

Granillo satisfied the first two parts of the McNulty test. The DOJ Letter evidenced that Oakes's opinion about the single hair recovered from Granillo's car being CW's "exceeded the limits of science" and was "invalid." The Circuit Court stated, "that determination was made decades after the trial and subsequent appeal."

Under part three of the McNulty test, the new evidence was material to whether CW had been in Granillo's car. But Oakes's hair opinion was cumulative of his fiber opinions. Granillo misrepresents the substance of the DOJ Letter; his brief refers to "bogus and inadmissible hair *and fiber* evidence[.]" (Emphasis added.) Nothing in the DOJ Letter, or the record, impeaches Oakes's microscopic fiber analysis or opinions, which tended to show that CW was in Granillo's car with her pants off and her panties touching the seat cover. The new evidence does not satisfy the third part of the McNulty test. We need not address the fourth part.

Granillo's second point of error lacks merit. The Circuit Court did not reweigh the trial evidence or make credibility determinations. It reviewed and summarized the trial evidence to analyze whether admission of Oakes's hair opinion was harmless beyond a reasonable doubt. Our decision today does not apply the harmless error standard.

4

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

The Circuit Court's December 16, 2022 Judgment is affirmed, but for reasons other than those stated in the Circuit Court's order denying Granillo's HRPP Rule 40 petition. Granillo's May 12, 2025 motion for retention of oral argument is denied.

DATED: Honolulu, Hawaiʻi, June 27, 2025.

On the briefs:

Earle A. Partington,
for Petitioner-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge