**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000506**
**07-NOV-2025**
**08:05 AM**
**Dkt. 65 SO**

NO. CAAP-23-0000506

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
DENO BELL, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1CPC-22-0001564)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Guidry, JJ.)

Defendant Deno Bell (**Bell**) appeals from the July 11, 2023 Judgment of Conviction and Sentence (**Judgment**) entered against him by the Circuit Court of the First Circuit, State of Hawai‘i (**Circuit Court**).[1] After a jury trial, Bell was convicted of unlawful imprisonment in the second degree (**UI2**) in violation of Hawaii Revised Statutes (**HRS**) § 707-722 (2014).[2]

---

[1] The Honorable Fa‘auuga L. To‘oto‘o presided.

[2] HRS § 707-722 provides, in relevant part:

> **§ 707-722 Unlawful imprisonment in the second degree.**
> (1) A person commits the offense of unlawful imprisonment in the second degree if the person knowingly restrains another person.

> HRS § 707-700 (2014) defines the term "restrain" in relevant part as follows:

> > "Restrain" means to restrict a person's movement in such a manner as to interfere substantially with the person's liberty:
> > (1) By means of force, threat, or deception . . .

Bell raises three points of error on appeal, contending that: (1) the Circuit Court's jury instruction on the defense of use of force to prevent suicide was insufficient; (2) the Circuit Court also erred in its jury instruction on the "choice of evils" defense; and (3) the State presented insufficient evidence to convict him of unlawful imprisonment in the second degree, because it failed to present sufficient evidence to negate his use of force to prevent suicide and choice of evils defenses.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bell's points of error as follows:

(1) Bell argues that jury instruction on the defense of use of force to prevent suicide or the commission of a crime under HRS § 703-308 (2014) was insufficient, because (a) the Circuit Court failed to instruct the jury that the State bore the burden of proving beyond a reasonable doubt that Bell's conduct was not legally justified by the defense, and (b) the court failed to instruct the jury that Bell "may estimate the necessity for the use of such force under the circumstances as he reasonably believes them to be when the force is used, without doing any other act that he has no legal duty to do."

HRS § 703-308 is a defense, but not an affirmative defense. See HRS §§ 703-301(1) (2014), 701-115(3) (2014). HRS § 703-308 provides, in relevant part:

> **§703-308. Use of force to prevent suicide or the commission of a crime.** (1) The use of force upon or toward the person of another is justifiable when the actor believes that such force is immediately necessary to prevent the other person from committing suicide. . . [.]

2

Over Bell's objection, the Circuit Court gave a jury instruction on the defense of use of force to prevent suicide that failed to include an instruction that the prosecution bore the burden of negativing the defense. In Raines v. State, 79 Hawaiʻi 219, 225, 900 P.2d 1286, 1292 (1995), the Hawaiʻi Supreme Court, overruling State v. McNulty, 60 Haw. 259, 266, 588 P.2d 438, 444 (1978), held that a trial court's failure to instruct the jury on the prosecution's burden of proof regarding a defense affected substantial rights of the defendant, and constituted plain error. The supreme court stated:

> On second look, we hold that McNulty was incorrectly decided. *We hold further that where, as here and in McNulty, the jury has been given instructions on a defense other than an affirmative defense, but has not been instructed that the prosecution bears the burden of proof beyond a reasonable doubt with respect to negativing that defense, substantial rights of the defendant may be affected and plain error may be noticed.*

Id. (emphasis added).

We reject the State's argument that because the jury was instructed they must "consider all the instructions as a whole" and was given a general instruction that the prosecution had "the duty of proving every material element of the offense charged beyond a reasonable doubt," there was no error. In reversing McNulty, the supreme court in Raines rejected the principle that a general burden of proof instruction cures a defective instruction on a justification defense. Id.; see also State v. Eberly, 107 Hawaiʻi 239, 250, 112 P.3d 725, 736 (2005) (holding "when a defendant asserts a non-affirmative defense and adduces evidence in support thereof, the circuit court must instruct the jury as to the prosecution's burden of proof with respect to negativing the defense") (citations omitted).

3

We also reject the State's argument that, in essence, the erroneous jury instruction was harmless because the Circuit Court properly instructed the jury on the choice of evils justification defense, which was "intimately related and inseparable."  We note that the State cites no authority for this proposition.  More importantly, however, proper instruction on one justification defense does nothing to lessen the potential confusion and prejudice stemming from the Circuit Court's failure to clearly instruct the jury that the State bore the burden of proof beyond a reasonable doubt with respect to negativing the use of force to prevent suicide justification defense.

Accordingly, we conclude that the Circuit Court erred in the jury instruction on Bell's defense of use of force to prevent suicide and the Judgment must be vacated on this ground.

Bell further argues that the Circuit Court reversibly erred because the use of force to prevent suicide instruction was deficient because it failed to instruct the jury that Bell "may estimate the necessity for the use of such force under the circumstances as he reasonably believes them to be when the force is used, without doing any other act that he has no legal duty to do."  Bell bases this argument on the following language in the use of force in self-defense justification in HRS § 703-304:

> **§ 703-304.  Use of force in self-protection.**  (1) Subject to the provisions of this section <u>and of section 703-308</u>, the use of force upon or toward another person is justifiable <u>when the actor believes such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion</u>.
>
> . . . .
>
> (3)  Except as otherwise provided in subsections (4) and (5) of this section, a person employing protective force may estimate the necessity thereof under the circumstances as he believes them to be when the force is used without

4

> retreating, surrendering possession, doing any other act which he has no legal duty to do, or abstaining from any lawful action.

(Emphasis added).

Although HRS § 703-304 states it is "subject to section 703-308" (use of force to prevent suicide), it expressly applies to the use of force upon another "when the actor believes such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." (Emphasis added). At trial, Bell did not present any evidence that he believed he needed to protect himself from the use of unlawful force by the complaining witness (**CW**). Accordingly, Bell's argument lacks merit.

(2) Bell argues that the Circuit Court gave a deficient "choice of evils" instruction because the court failed to instruct the jury that the justification applied to the lesser included offense of unlawful imprisonment in the second degree, as well as the charge of kidnapping. However, the choice of evils defense did not apply to Bell's conduct, because of the applicability of the more specific defense of use of force to prevent suicide, which was applicable here. See State v. Smith, 91 Hawaiʻi 450, 463, 984 P.2d 1276, 1289 (Haw. App. 1999) (holding that choice of evils defense did not apply pursuant to HRS § 703-302(1)(b) where more specific self-defense justification under HRS § 703-304 applied). Therefore, we conclude that Bell's second point of error is without merit.

(3) Bell argues that the record lacks substantial evidence to negate his choice of evils and use of force to prevent suicide defenses. As noted above, the choice of evils

5

defense was inapplicable; the relevant inquiry is whether there was substantial evidence to support his conviction for UI2, including negativing the use of force to prevent suicide defense. On appeal, Bell fails to provide any analysis of how the evidence was insufficient to support his conviction.

CW testified that on the night of March 11, 2022, "every time I tried to get close at all to the door, he'd stop me from leaving to the door, so [sic] prevent me from going out, or if I unlocked my door, he'd lock it back." She claims she tried multiple times to leave her apartment, but Bell prevented her from leaving. She testified that the first time she was able to get past the front door, Bell "dragged me back in." Bell admitted that on March 11, 2024, he forcibly dragged CW back into her apartment, despite her telling him "no, let me go, let me go." There were significant differences in the witnesses' testimony, but it was undisputed that Bell forcibly dragged CW back into her apartment after she tried to leave. Although Bell argued his intent was to prevent the CW from harming herself, "[i]n a jury trial, the jury is the trier of fact and, thus, is the sole judge of the credibility of the witnesses and the weight of the evidence." State v. Jhun, 83 Hawaiʻi 472, 483, 927 P.2d 1355, 1366 (1996); State v. Kikuta, 125 Hawaiʻi 78, 93, 253 P.3d 639, 654 (2011) (stating that determining the credibility of witnesses and weighing disputed evidence "are within the sole province of the jury as the trier of fact"). Here, the evidence was open to interpretation, including an interpretation that the evidence was sufficient to negate the justification and support the conviction.

For these reasons, the Circuit Court's July 11, 2023 Judgment is vacated and this case is remanded to the Circuit Court for a new trial on the charge of UI2.

DATED:  Honolulu, Hawaiʻi, November 7, 2025.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge