STATE OF HAWAII, Plaintiff-Appellee *v.* EDWARD KEN ONISHI, also known as Eddie Onishi, Defendant-Appellant

NO. 6224

JULY 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The defendant was convicted on several counts of promoting harmful or detrimental drugs. From the judgment and sentence of the trial court the defendant appeals.

The only issue which merits our serious consideration is, whether the following instruction was clearly erroneous and prejudicial to the defendant:

"Entrapment is a good and valid defense under the law. Entrapment occurs when a law enforcement officer knowingly makes false representations designed to induce the belief that the conduct in question is not prohibited.

If you find, by a preponderance of the evidence, that the Defendant was told by Agents of the Federal Drug Enforcement Agency that he was *authorized* to sell drugs in order to infiltrate the drug traffic, and that the Defendant acted in reliance of such statement, you must acquit him." (Emphasis added)

The defendant argues that the words "induced" or "encouraged" should have been used instead of the word "authorized." The defendant's contention is untenable. The

foregoing instruction was in substantial conformity with the statute[1] and was consistent with the evidence presented. Moreover, the language of which he complains was drawn from the defendant's own requested instruction.[2] *See United States v. Wiggins*, 530 F.2d 1018 (D.C.Cir. 1976). Further, no objection to the foregoing instruction was made at trial. An alleged error in an instruction to which no objection was made before the trial court will not be considered on appeal, unless it is shown that the substantial rights of the defendant have been affected. *State v. Iaukea*, 56 Haw. 343, 537 P.2d 724 (1975). *See also* H.R.Cr.P. Rule 52(b) (now H.R.P.P. Rule 52(b)).

Affirmed.

*Rodney Kim (Kim & Kim,* of counsel) for defendant-appellant.

*Allen S. Chock* Deputy Prosecuting Attorney for plaintiff-appellee.

---

[1] HRS § 702-237 sets out the defense of entrapment in the following language:

"In any prosecution, it is an affirmative defense that the defendant engaged in the prohibited conduct or caused the prohibited result because he was induced or encouraged to do so by a law enforcement officer . . ., who, for the purpose of obtaining evidence of the commission of an offense, either:

(a) Knowingly made false representations designed to induce the belief that such conduct or result was not prohibited; or

(b) Employed methods of persuasion or inducement which created a substantial risk that the offense would be committed by persons other than those who are ready to commit it."

[2] Defendant requested the following instruction:

If you find, by a preponderance of the evidence, that the defendant was asked by agents of the Federal Drug Enforcement Agency to infiltrate the ranks of illegal drug dealers in Hawaii for the purpose of obtaining information for the federal drug enforcement agency and was told that he was authorized to buy and sell drugs in order to do this, and that the defendant acted in reliance upon these statements by the agents of the Federal Drug Enforcement Agency, you must acquit the defendant.