STATE OF HAWAII, Plaintiff-Appellee, *v.* YASUICHI INOUE, Defendant-Appellant.

NO. 8047

(CRIMINAL NO. 54288)

JUNE 25, 1982

BURNS, C.J., HEEN, J. AND CIRCUIT JUDGE WAKATSUKI
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY HEEN, J.

Defendant, Yasuichi Inoue, appeals from a judgment of conviction for manslaughter.[1] We find that the trial court erred in failing to

_____

[1] Defendant was also convicted on the additional charge of carrying a firearm on person without permit or license. On this appeal, however, defendant raises no issues relating to the firearm conviction.

instruct the jury that the State had the burden of proving beyond a reasonable doubt that the defendant lacked justification.

Defendant was indicted by the Oahu Grand Jury on charges of murder in violation of Hawaii Revised Statutes (HRS) § 707-701 (1976), and carrying a firearm on person without permit or license in violation of HRS § 134-9 (1976, as amended). Trial was had before a jury and defendant introduced evidence that he had shot the victim when the latter became involved in an altercation with one Charles Fernandez. The testimony at the trial indicated that defendant and Fernandez had a very close relationship. The victim was described as weighing about 300 pounds, while Fernandez was described as weighing about 180 pounds.

At the close of the evidence, the court conferred with counsel for the purpose of settling instructions. In discussing Defendant's Requested Instruction Number 6, the following took place between the court and defense counsel:

THE COURT: . . . Defendant's Instruction Number 6, given as modified by agreement. Is that correct Miss Nakatani?

MISS NAKATANI: Yes, your Honor. I believe the modification is a deletion of the last paragraph.

THE COURT: The last two sentences.

MISS NAKATANI: I'm sorry, the last two sentences.

THE COURT: This is Number 6.

MISS NAKATANI: Yes. Incidentally I was under the impression the Court was deleting the second sentence and the last sentence.

THE COURT: Well, the last two sentences beginning with "he is not obliged to establish this defense."

MISS NAKATANI: Also, before stating my objection to the Court's modification of the instruction, I had request [sic] a modification of my instruction as to the last sentence of that instruction to read, "the prosecution must prove beyond a reasonable doubt there was no justification under the rule of the defense of other persons as you have been instructed."

And I would object to the Court's modification based on — First of all, I believe that without the clarification of the effect of the defense, the jurors would be confused. Secondly, that the last two sentences clarify that its [sic] incumbent upon the prosecution to prove beyond a reasonable doubt that the defense does

not apply. And under the circumstances, the Court should give the instructions in total.[2]

THE COURT: The Court feels that the deleted portions are redundant and for that reason makes the modification.

When Instruction Number 6 was read to the jury, however, the court did, in fact, delete the second sentence of the requested instruction and read the following language,

The defendant has presented evidence tending to show that he acted in defense of another person. If his evidence, considered with all the other evidence raises a reasonable doubt as to his guilt, he is entitled to an acquittal with respect to the charge of Murder.

The appeal presents the question whether, when the defense of justification is raised upon a charge of murder, the trial court, upon request of defendant, must instruct the jury that the prosecution has the burden of proving beyond a reasonable doubt the absence of justification.

Defendant asserts that there were really two errors committed by the trial court below, the first being the modification of Instruction Number 6 to remove that language which would have clearly cast the burden of proof upon the government, and the second being the deletion made by the court of the second sentence at the time the instructions were read. The prosecution argues that since the defendant did not object to the deletion of the second sentence at the time the instruction was read[3] and substantial rights of the defen-

---

[2] The instruction as requested by defendant and orally modified at the settlement session would have read as follows:

The defendant has presented evidence tending to show that he acted in defense of another person. He has no burden of proof to sustain as to this. If his evidence, considered with all other evidence, raises a reasonable doubt as to his guilt he is entitled to an acquittal. He is not obliged to establish his defense beyond a reasonable doubt, or even by a preponderance of the proof. The prosecution must prove beyond a reasonable doubt that there is no justification under the rule of defense of other persons as you have been instructed.

[3] Rule 30(e), Hawaii Rules of Penal Procedure (1977), contains the following requirements:

(e) The court shall instruct the jury after the arguments are completed. No party may assign as error the giving or the refusal to give, or the modification of, an instruction, whether settled pursuant to subdivision (b) or subdivision (c), of this

dant were not affected, the court did not commit plain error and this court should not entertain this question.[4] We hold, however, that it is not necessary to consider the question whether this is plain error.

It is quite obvious from the discussion between the court and defense counsel that defense counsel was prepared to object to the deletion of the second sentence of the instruction. The basic question was and is whether defendant was prejudiced by the failure of the court to properly instruct the jury that with respect to his defense he had no burden of proof and the burden was on the prosecution to prove lack of justification beyond a reasonable doubt. The thrust of defendant's argument to the trial court was that he was entitled to have the jury so instructed and the deleted sentence referred specifically to that proposition. We treat defendant's objection as being sufficient to bring before this court the question of the instruction as read since objections made to instructions at the time they were settled shall be deemed preserved even though not restated after the court has instructed the jury. Rule 30(e), Hawaii Rules of Penal Procedure (1977).

We hold that the case of *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978), is controlling in this case. At 266, the Hawaii Supreme Court ruled,

> We hold that appellant would have been entitled, *upon proper request*, to have the trial court specifically instruct the jury that the prosecution's burden of persuasion included proving that appellant had not acted in self defense at the time of the alleged crime. [Emphasis added.]

In *McNulty*, however, defense counsel withdrew his original request

----

rule, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. Objections made to instructions at the time they were settled shall be deemed preserved even though not restated after the court has instructed the jury.

[4] This court may notice plain errors affecting substantial rights even though not brought to the attention of the court below. Rule 52(b), Hawaii Rules of Penal Procedure (1977); *State v. Iaukea*, 56 Haw. 343, 537 P.2d 724 (1975), *State v. Onishi*, 59 Haw. 384, 581 P.2d 763 (1978).

for such an instruction and raised no objection to the court's instructions. Consequently, the court there refrained from overturning the conviction. In the case at bar, defendant in fact requested such an instruction and objected to the deletion from that request of references to the burden of proof.

The prosecution maintains that the instructions taken as a whole sufficiently instructed the jury on the law relating to justification, recklessness, and reasonable doubt. They proceed from there to argue that, because the jury returned a verdict of guilty of the lesser-included-offense of manslaughter, the jury must have determined that defendant had no justification. We cannot indulge in such speculation. The defendant in any criminal case is entitled to have the jury properly instructed with respect to the burden of proof, *State v. McNulty, supra. See also State v. Chang,* 46 Haw. 22, 374 P.2d 5 (1962), *Territory v. Kaeha,* 24 Haw. 467 (1918). The record in this case indicates that the jury requested that the court again give them the legal definition of "knowledge," "intent," "knowingly," and "recklessness." We reason that at that point the jury was concentrating on those definitions as they relate to both the offenses of murder and manslaughter. It is more than possible that the jury at that point had not determined whether, based on the evidence, the prosecution had proved beyond a reasonable doubt the lack of justification. The jury was concentrating on the gradations of the states of mind as set forth in the instructions and may have determined that the defendant had not convinced them that he had acted with justification.

As did the Hawaii Supreme Court in *McNulty,* we have examined the instructions in their entirety and find that the court's instructions, taken as a whole, did not adequately instruct the jury on the law relative to the burden of proof as to the defense of justification. In failing to specifically allocate the burden of disproving self defense to the State, the instructions permitted the jury to believe that the defendant, having raised the issue of justification, was obligated to prove it. *See also United States v. Corrigan,* 548 F.2d 879 (10th Cir. 1977); *Frazier v. Weatherholtz,* 411 F.Supp. 349 (W.D. Va. 1976); *Leonard v. People,* 149 Colo. 360, 369 P.2d 54 (1962).

We are, finally, faced with the question whether; upon this court's reversal, defendant may be tried again on the original charge of murder. It is clear he cannot. HRS § 701-110(1) (1976) bars a new

prosecution.[5] In *State v. Feliciano,* 62 Haw. 637, 618 P.2d 306 (1980), the supreme court dealt with a similar situation involving instructions made erroneous and confusing by responses to questions posed by the jury. In that case, the defendant was convicted of a lesser-included offense. The court reversed and remanded the case for further proceedings not inconsistent with its opinion.

Likewise, in the case at bar, notwithstanding the fact that defendant cannot be tried again for murder, we are constrained to take the same action.

Reversed and remanded for further proceedings not inconsistent with this opinion.

*Jonathan Ezer (Alvin T. Sasaki* on opening brief; *Milton S. Tani* on reply brief), Deputy Public Defenders, for defendant-appellant.

*Lila B. LeDuc,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.

---

[5] HRS § 701-110 (1976) provides: "When prosecution is barred by former prosecution for the same offense. When a prosecution is for an offense under the same statutory provision and is based on the same facts as a former prosecution, it is barred by the former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal which has not subsequently been set aside. * * * A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside on appeal by the defendant."