NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000694
23-MAY-2025
08:07 AM
Dkt. 56 SO

NO. CAAP-22-0000694

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF O.H., Minor-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J No. 0116260)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal challenges whether the family court correctly applied self-defense under Hawaii Revised Statutes (**HRS**) § 703-304(1)[1] in a juvenile trial for abuse of a family member. We vacate and remand for a new trial.

---

[1] HRS § 703-304(1) (2014), entitled "Use of force in self-protection" (**self-defense**), provides that "the use of force upon or toward another person is justifiable when the actor <u>believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person on the present occasion.</u>" (Emphasis

Minor-Appellant O.H. (**Minor**) appeals from the September 19, 2022 "Decree Re: Law Violation Petition(s)" (**Decree**), and October 17, 2022 "Order Denying Motion for Reconsideration of Disposition Filed October 5, 2022" (**Order Denying Reconsideration**), both filed by the Family Court of the First Circuit (**Family Court**).[2]  The Family Court filed its December 23, 2022 "Findings of Fact and Conclusions of Law" (**FOFs/COLs**), after Minor filed this appeal.  See Hawai'i Family Court Rules (**HFCR**) Rule 52(a).

On appeal, Minor contends that the Family Court erred by:  **(1)** "interpret[ing] HRS § 703-304(1) as requiring that 'unlawful force' must in fact be used against a juvenile before the juvenile may utilize self-defense[,]" and challenging FOF 42, COLs 19 and 20; and **(2)** "wrongly appl[ying] the objective prong of HRS § 703-304(1) self-defense analysis by inadequately considering Minor's conduct from Minor's perspective" in its alternative ruling, and challenging various FOFs and COLs.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Minor's contentions as follows.

The following background is from the Family Court's unchallenged FOFs, following a September 19, 2022 bench trial on appellee State of Hawai'i's (**State**) Petition charging Minor for

---

added.)  "'Believes' means reasonably believes."  HRS § 703-300 (2014).  "'Unlawful force' means force which is employed without the consent of the person against whom it is directed and the employment of which constitutes an offense or would constitute an offense except for a defense not amounting to a justification to use the force."  Id.

[2]      The Honorable Brian A. Costa presided.

Abuse of Family or Household Members (**Abuse**) in violation of HRS § 709-906(1).[3]  On June 13, 2022, Minor's mother (**Mother**) was in the driver's seat operating her vehicle, and Minor was in the passenger's seat.  FOF 13.  Mother and Minor were arguing when Mother stopped the vehicle at the red light, and asked Minor three times "to give up her cell phone as a consequence of being sassy[.]"  FOFs 18-21.  Minor did not comply, and continued to use her cellphone.  FOFs 22-23.  While stopped at the traffic light, Mother reached for Minor's cellphone, and Minor leaned away from Mother.  FOF 24.  Mother reached around Minor's back, put her right hand on Minor's shoulder, and "used force" to grab Minor's right shoulder and pull Minor closer to Mother "as a form of restraint or confinement."  FOFs 25-26.  When Mother was reaching for the cellphone with her left hand, "Minor bit Mother in her left forearm . . . leaving the area red and with a bite mark with teeth impressions"; and Mother "felt pain" from the bite mark.  FOF 27, 29.  A photograph of the bite mark was admitted into evidence.  FOF 28.  The Family Court found that:

> 31. The Court finds Mother's recitation of events to be credible, and Minor's recitation of events to be not credible.
>
> 32. The Court finds Minor's testimony that Mother struck her in the arm and was then clawing for the phone to be not credible.
>
> 33. The Court finds Mother's testimony credible that Mother was grabbing for Minor's phone with her left hand while using her right hand to pull Minor closer when Minor bit Mother in her left forearm.

---

[3]     HRS § 709-906(1) (2014 & 2021 Supp.), entitled "Abuse of family or household members; penalty," provides in pertinent part that "[i]t shall be unlawful for any person . . . to physically abuse a family or household member."

3

> 34. The Court finds that Mother attempted to take Minor's cell phone as a form of discipline for Minor being sassy in the vehicle, and that Mother's actions were reasonable.

The trial transcript reflects that Minor claimed self-defense, testifying that she bit Mother "out of instinct" because she "was scared" when Mother "was reaching across," Mother's "arm was in [her] face," and that there were previous incidents where Mother had hit her. Minor testified that she "didn't know how else to defend [her]self[,]" "couldn't leave[,]" "couldn't stay six feet away from [Mother][,]" and "felt unsafe." Minor testified that during the incident she dialed 911 on her cellphone. Mother testified that she had hit Minor in the past, and sometimes to the extent where Minor's father had to stop Mother.

The Family Court found in its FOFs and COLs, inter alia, that because "Mother's use of force was lawful, Minor's claim of self-defense pursuant to HRS § 703-304(1) cannot prevail." COL 20. The Family Court also made an alternative ruling, holding that: "Alternatively, even if self-defense [wa]s applicable," COL 22, "it was not objectively reasonable based upon a reasonable person standard for Minor to bite Mother on her left forearm when Mother was merely pulling Minor closer with her right hand while reaching for Minor's cell phone." COL 26.

The Family Court adjudicated Minor "a law violator" of the Abuse offense, rejecting Minor's self-defense.

After the denial of Minor's post-trial motion for reconsideration, Minor timely appealed.

**(1)** Minor argues that the Family Court "wrongly created an exception to HRS [§] 703-304(1)" by holding that "Minor can use self-defense only if Mother in fact used unlawful

4

force."  Minor argues the "plain language of HRS § 703-304(1) permits Minor to use self-protective force if Minor 'believes that such force is immediately necessary for the purpose of protecting Minor against the use of unlawful force[,]'" and that "the first substantive paragraph of the Commentary on HRS § 703-304 states that even anticipation of unlawful force is sufficient to trigger self-defense[.]"  (Brackets omitted.) Minor challenges the following FOFs and COLs:

FINDINGS OF FACT

. . . .

42. Minor's reliance upon self-defense as a justification for biting Mother in her forearm does not prevail because Minor was not utilizing force to protect herself from "unlawful force" (as required) because Mother's actions did not constitute unlawful force but rather lawful force.

. . . .

CONCLUSIONS OF LAW

. . . .

19. Mother was engaged in reasonable corporal discipline and utilized justifiable lawful force against Minor and, as such, Minor does not have the right rely [sic] upon self-defense to resist Mother's lawful use of force by responding with force against Mother because pursuant to HRS § 703-304(1), self-defense is only justifiable when force is used in response to unlawful force.

20. Since the prosecution proved that Mother's use of force was lawful, Minor's claim of self-defense pursuant to HRS § 703-304(1) cannot prevail.

(Emphases added.)

"First, the fundamental starting point for statutory interpretation is the language of the statute itself."  Barker v. Young, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023)

5

(citation omitted). HRS § 703-304(1) allows the actor to use protective force when the actor reasonably believes it is "immediately necessary" to protect against unlawful force. The Commentary to HRS § 703-304(1) states that "Subsection (1) requires a belief by the actor that the use of protective force is actually necessary, and that unlawful force (defined in § 703-300) is *to be used* by the assailant." (Emphases added.) "It is enough that unlawful force is threatened on the present occasion by [the] assailant." Id.

Here, the plain language of HRS § 703-304(1) does not require that the "force" actually be "unlawful" to qualify for self-defense under HRS § 703-304(1). Rather, the statute requires the actor "reasonably believe" that "use of protective force is immediately necessary" to protect themselves "against the use of unlawful force." Id.; HRS § 703-300. Thus, the Family Court was required to consider whether Minor "reasonably believe[d]" that the use of force was necessary to protect Minor from "unlawful force" -- not whether Mother's force was actually "unlawful" or "lawful." While we conclude the Family Court clearly erred when it held that self-defense under HRS § 703-304(1) was inapplicable because Mother's force was "lawful," see JW v. RJ, 146 Hawaiʻi 581, 585, 463 P.3d 1238, 1242 (App. 2020) (applying the "clearly erroneous" standard to conclusions of law that present mixed questions of fact and law), this error was harmless because the Family Court did apply the HRS § 703-304 self-defense analysis in the alternative. See HFCR Rule 61.

**(2)** Minor argues that in applying self-defense, "the Family Court wrongly applied the objective prong of the HRS § 703-304(1) analysis" because it "fail[ed] to consider at all what a reasonable person would do under the circumstances as

6

Minor believed them to be[.]" Minor challenges FOFs 43, 45-47, 49, COLs 22-23, and 26-27, which state:

<u>FINDINGS OF FACT</u>

. . . .

43. Even if the Court were to find that Mother's use of force was unlawful, <u>Minor's reliance upon self-defense still fails as it was not justifiable</u>. The prosecution has disproved Minor's claim of self-defense beyond a reasonable doubt.

44. The Court finds that Minor subjectively believed that she was justified in using force against [M]other because she was alone in the vehicle with Mother, Mother was pulling her closer, Mother had hit her on previous occasions, Mother previously caused a scar on Minor's face by striking her, and on previous occasions Mother had continued to strike Minor until stopped by Minor's Father.

45. The Court finds that under the circumstances of this case, <u>it was not objectively reasonable based upon a reasonable person standard for Minor to bite Mother on her left forearm when Mother was merely pulling Minor closer with her right hand while reaching for Minor's cell phone with her left hand even though Minor was alone in the car with Mother, Mother had hit Minor on previous occasions, Mother previously caused a scar on Minor's face by striking her, and Mother had previously continued to strike Minor until stopped by Minor's Father</u>.

46. Minor's use of force was not reasonable under the circumstances.

47. <u>A reasonably prudent person in these circumstances would not believe it was necessary to bite Mother's arm for self-protection</u>.

. . . .

49. The Court found that the material allegations in the Petition have been proven beyond a reasonable doubt and adjudicated Minor a law violator within the purview of HRS S 571-11(1)(2018), and the decree Re: Law Violation Petition(s) was filed on September 19, 2022, which included the Court's disposition (sentence).

. . . .

<u>CONCLUSIONS OF LAW</u>

. . . .

7

22. Alternatively, even if self-defense is applicable in this case, the prosecution has proved facts negativing the defense beyond a reasonable doubt.

23. "Self-defense is not an affirmative defense, and the prosecution has the burden of disproving it once evidence of justification has been adduced." State v. Culkin, 97 Hawaiʻi 206, 215, 35 P.3d 233, 242 (2001); see also State v. Lubong, 77 Hawaiʻi 429, 431, 886 P.2d 766, 768 (App. 1994) ("Once the issue of self-protection is raised, the burden is on the prosecution to disprove the facts that have been introduced or to prove facts negativing the defense and to do so beyond a reasonable doubt." (citing State v. McNulty, 60 Haw. 259, 262, 588 P.2d 438, 442 (1978); State v. Straub, 9 Haw. App. 435, 444, 843 P.2d 1389, 1393 (1993))). The prosecution disproved Minor's claim of self-defense.

. . . .

25. Pursuant to the subjective prong, Minor subjectively believed that she was justified in using force against Mother because she was alone in the vehicle with Mother, Mother was pulling her closer, Mother had hit her on previous occasions, Mother previously caused a scar on her face by striking her, and on previous occasions Mother had continued to strike Minor until stopped by Minor's Father.

26. Pursuant to the objective prong, it was not objectively reasonable based upon a reasonable person standard for Minor to bite Mother on her left forearm when Mother was merely pulling Minor closer with her right hand while reaching for Minor's cell phone with her left hand even though Minor was alone in the car with Mother, Mother had hit Minor on previous occasions, Mother previously caused a scar on Minor's face by striking her, and on previous occasions Mother had continued to strike Minor until stopped by Minor's Father. Furthermore, the amount of force utilized by Minor was not reasonable under the circumstances.

27. The prosecution proved all material facts in the Petition beyond a reasonable doubt, including that the Minor was not justified in relying upon self-defense and, as such, Minor was properly adjudicated a law violator within the purview of HRS § 571-11(1).

(Emphases added.)

"Self-defense to a criminal charge contains both a subjective and an objective prong:  the defendant must believe

that force is necessary, and that belief must be reasonable."
State v. Sandoval, 149 Hawaiʻi 221, 237, 487 P.3d 308, 324 (2021)
(citation omitted). "In Hawaiʻi self-defense cases, the
defendant's subjective belief drives an objective reasonableness
standard. Factfinders wear the defendant's headset and
experience the event from that reality. Then, from that
perspective, the judge or jury evaluates the objective
reasonableness of the defendant's subjective belief that self-
protective force was necessary." Interest of DM, 152 Hawaiʻi
469, 472, 526 P.3d 446, 449 (2023).

In Interest of DM, the minor DM stabbed another minor,
and DM argued self-defense. Id. at 471, 526 P.3d at 448. The
supreme court held that the family court erroneously rejected
DM's self-defense claim by "inadequately consider[ing] DM's
perspective" and "inadequately assess[ing] the circumstances
from DM's perspective"; and there "was not substantial evidence
presented to support the family court's conclusion that the
State proved beyond a reasonable doubt that DM's use of deadly
force was unjustified." Id. at 472, 476, 478, 526 P.3d at 449,
453, 455.

Here, the Family Court found that Minor "credibly
testified" that Mother had "struck her in the past" as follows:

> 39. Minor credibly testified that [M]other had struck
> her in the past as follows: (a) Minor testified that on one
> occasion she was struck in the arm three times; (b) Minor
> testified that Mother had struck her on previous occasions
> until [Minor's] [f]ather stopped Mother; and (c) Minor
> testified that when she was approximately 8 years old
> Mother struck her, made her sit outside in the cold during
> winter, and that when Mother let her back in the house,
> Mother struck Minor in the face causing a scar.

FOF 39. As to the subjective prong, the Family Court's COL
25 stated:

9

> 25. Pursuant to the subjective prong, Minor subjectively believed that she was justified in using force against Mother because she was alone in the vehicle with Mother, Mother was pulling her closer, Mother had hit her on previous occasions, Mother previously caused a scar on her face by striking her, and on previous occasions Mother had continued to strike Minor until stopped by Minor's [f]ather.

As to the objective prong, the Family Court was then required to determine whether Minor's belief for the need to use force was reasonable "from the point of view of a reasonable person in the [Minor]'s position *under the circumstances as [Minor] believed them to be*." Id. at 477, 526 P.3d at 454 (citing State v. Pemberton, 71 Haw. 466, 477, 796 P.2d 80, 85 (1990)). The Family Court, however, did not adequately assess the circumstances as **Minor believed them to be** in FOF 45 and COL 26, but instead concluded in COL 26 that Minor's use of force "was not objectively reasonable," by considering circumstances that were not part of Minor's subjective belief, i.e. by stating "Mother was merely pulling Minor closer with her right hand while reaching for Minor's cell phone with her left hand." See id. This portion of COL 26 conflicts with FOF 44 and COL 25, which set forth what Minor's subjective belief was at the time Minor used force against Mother. FOFs 44 and COL 25 did not include that Mother was "merely pulling" Minor to "reach[] for [her] cell phone" as part of Minor's subjective belief.[4] (Emphasis added.) We conclude that FOF 45 and COL 26, which are mixed questions of fact and law, are clearly erroneous because they reflect an incorrect application of the objective prong of HRS § 703-304(1), by including a factual circumstance that was

---

[4] In unchallenged FOF 33, the Family Court found Mother credibly testified that "Mother was grabbing for Minor's phone" and that Mother had "pull[ed] Minor closer when Minor bit Mother."

not assessed from Minor's subjective perspective.  See <u>JW</u>, 146 Hawaiʻi at 585, 463 P.3d at 1242.

For the foregoing reasons, we vacate the September 19, 2022 Decree and October 17, 2022 Order Denying Reconsideration, both filed and entered by the Family Court of the First Circuit, and remand for a new trial.[5]

DATED:  Honolulu, Hawaiʻi, May 23, 2025.

On the briefs:

Henry P. Ting,
Deputy Public Defender
for Minor-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

---

[5] While Minor requested a reversal of the adjudication as relief, we decline to do so, where the error in this case occurred by the Family Court's incorrect application of the correct law to evaluate Minor's self-defense; and where there was substantial evidence to support Minor's adjudication in light of the Family Court's unchallenged credibility findings regarding Mother's testimony.  See FOFs 31 and 33.