**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000492
09-DEC-2025
07:54 AM
Dkt. 53 SO**

NO. CAAP-23-0000492

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

AUSTIN ROSA, Plaintiff-Appellant,
v.
KAUAʻI POLICE DEPARTMENT, OFFICE OF THE PROSECUTING ATTORNEY,
COUNTY OF KAUAʻI, STATE OF HAWAIʻI,
Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CASE NO. 5CCV-22-0000023)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Self-represented Plaintiff-Appellant Austin **Rosa** appeals from the Circuit Court of the Fifth Circuit's July 24, 2023 order denying his motion for recusal and Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60 relief (**Order Denying Relief from Judgment**).[1] On appeal, Rosa contends the circuit court erred because he presented newly discovered evidence and it "committed judicial misconduct."

---

[1] The Honorable Randal G.B. Valenciano presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In May 2018, Rosa pled guilty to resisting an order to stop a motor vehicle (**Resisting Order to Stop Case**)[2] as part of a global plea agreement resolving charged offenses in other cases. During sentencing, Rosa stated, "I was scared and that's why I ran, but I shouldn't have ran. I should have just stayed and all this wouldn't have happened, but I did knowingly commit the crime of resisting to stop a motor vehicle."

The circuit court attempted to sentence Rosa to probation, but Rosa refused, stating he would "rather just take my open five today." After continuing the sentencing hearing so Rosa could consult his attorney, the circuit court entered a judgment of conviction and sentenced Rosa to five years' imprisonment.

In May 2021, Rosa (self-represented) filed a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 40 **Petition**. In September 2021, Rosa (represented by counsel) supplemented his Petition with an additional claim for relief, arguing he did not voluntarily waive his right to a jury trial because the circuit

---

[2] The Honorable Kathleen N.A. Watanabe presided in the Resisting Order to Stop Case.

2

court failed to "advise him of certain aspects of his right to a jury trial." The circuit court granted Rosa's Petition, and Rosa's guilty plea was withdrawn and stricken. The State then moved to dismiss the charge with prejudice, which the circuit court granted.

In April 2022, Rosa filed the underlying complaint against Defendants-Appellees Kauaʻi Police Department (**KPD**), Office of the Prosecuting Attorney, and County of Kauaʻi (collectively, **Appellees**), raising six "grounds" for relief and seeking five million dollars in damages, all premised on Rosa's claim of actual innocence in the Resisting Order to Stop Case.[3]

Appellees moved for summary judgment, at which point Rosa filed requests with the circuit court to subpoena two of his previous attorneys and release KPD dashboard camera video (the **Video**) of his arrest in the Resisting Order to Stop Case that he contended proved his innocence. The circuit court denied his requests, and Rosa responded to Appellees' summary judgment motion.

Following a hearing, the circuit court granted summary judgment. Rosa filed a motion for reconsideration, which the circuit court denied.

---

[3] Rosa alleged the following six "grounds": (1) civil rights violations; (2) retaliation; (3) torts including (a) false imprisonment and (b) intentional infliction of emotional distress; (4) reputational harm; (5) violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution; and (6) malicious prosecution.

In May 2023, Rosa (through newly retained counsel) filed a "Motion 1) for Recusal and 2) for HRPP [sic HRCP] Rule 60 Relief" (**Motion for Relief from Judgment**).  (Formatting altered.)  Rosa argued the Honorable Randal G.B. Valenciano should recuse himself, because he created an "appearance of partiality against Rosa" by denying Rosa's requests to subpoena previous attorneys and release the Video.  Rosa further argued the Video and a letter from Kauaʻi County's Motor Vehicle Registration Officer (the **Letter**) constituted newly discovered evidence warranting relief from judgment.

At the hearing on Rosa's Motion for Relief from Judgment, Judge Valenciano first orally declined to recuse himself.  The circuit court then explained it could not "find that the [V]ideo was newly discovered evidence," because, as Rosa's counsel acknowledged, Rosa "was aware of . . . the existence of [the Video] back in 2017."  Rosa was thus "aware of the evidence at a very early stage of the criminal case, not the civil case," even though he "never had possession of" the Video.  The circuit court did not expressly address the issue of the Letter, but nonetheless orally denied Rosa's Motion for Relief from Judgment.

The circuit court entered its written order denying Rosa's Motion for Relief from Judgment on July 24, 2023, and this appeal followed.

**(1)** Rosa contends the circuit court abused its discretion when it denied his Motion for Relief from Judgment based upon newly discovered evidence.[4] Specifically, Rosa points to the Video and the Letter.

Under HRCP Rule 60(b)(2), courts "may relieve a party . . . from a final judgment, order, or proceeding for . . . newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)."

A party seeking relief due to newly discovered evidence must therefore demonstrate the evidence is (1) previously undiscovered despite having exercised due diligence; (2) admissible and credible; and (3) material and controlling such that it will probably change the outcome. Ditto v. McCurdy, 103 Hawai'i 153, 162, 80 P.3d 974, 983 (2003). But evidence known to defendants or their "counsel before or at trial does not constitute newly discovered evidence justifying new trial." State v. McNulty, 60 Haw. 259, 268, 588 P.2d 438,

---

[4] Rosa does not present any argument on appeal regarding excusable neglect. See Hawai'i Rules of Appellate Procedure Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded.").

5

445 (1978), <u>overruled on other grounds by</u>, <u>State v. Eberly</u>, 107 Hawaiʻi 239, 112 P.3d 725 (2005).

**(a)** Regarding the Video, Rosa argues the Video is newly discovered evidence. He explains that he exercised due diligence by first contacting KPD after Appellees moved for summary judgment and then "petition[ing] the [circuit] court for assistance in obtaining the [Video]."

Rosa, however, testified he first saw the Video when a previous attorney in his criminal case "came to visit [him] in [Kauaʻi Community Correctional Center (**KCCC**)]. He showed [Rosa] to [sic] it on his phone." The record indicates Rosa was incarcerated at KCCC in 2017. As such, Rosa knew of the footage roughly five years before filing his civil complaint and, thus, it is not newly discovered evidence under HRCP Rule 60(b)(2). <u>See</u> <u>id.</u>

**(b)** As for the Letter, Rosa argues that it shows he was not the owner of the vehicle in the Video.

But, whether Rosa was or was not the registered owner of the vehicle in the Video is not "of such a material and controlling nature as will probably change the outcome" of the Resisting Order to Stop Case, because being the vehicle's "registered owner" is not an element of the offense of Resisting an Order to Stop a Motor Vehicle in the First Degree under

Hawaiʻi Revised Statutes (**HRS**) § 710-1026.9 (Supp. 2016).[5]  See

Ditto, 103 Hawaiʻi at 162, 80 P.3d at 983.

Thus, the circuit court did not abuse its discretion

by denying Rosa's Motion for Relief from Judgment based on newly

discovered evidence.

**(2)**  Rosa next contends the circuit court's denial of

his Motion for Relief from Judgment "proves that the circuit

[court] err[ed] and acted with extreme [negligence]."  He argues

---

[5]  HRS § 710-1026.9 provides:

>        (1)  A person commits the offense of resisting an
> order to stop a motor vehicle in the first degree if the
> person:
>
>>        (a)  Intentionally fails to obey a direction of a law
>>             enforcement officer, acting under color of the
>>             law enforcement officer's official authority, to
>>             stop the person's motor vehicle; and
>>
>>        (b)  While intentionally fleeing from or attempting
>>             to elude a law enforcement officer:
>>
>>>             (i)   Operates the person's motor vehicle in
>>>                   reckless disregard of the safety of other
>>>                   persons; or
>>>
>>>             (ii)  Operates the person's motor vehicle in
>>>                   reckless disregard of the risk that the
>>>                   speed of the person's vehicle exceeds:
>>>
>>>>                   (A)  The applicable state or county speed
>>>>                        limit by thirty miles per hour or
>>>>                        more; or
>>>>
>>>>                   (B)  Eighty miles per hour or more,
>>>>                        irrespective of the applicable state
>>>>                        or county speed limit.
>
>      For purposes of this section, "the applicable state or
> county speed limit" shall have the same meaning as in
> section 291C-105.
>
>        (2)  Resisting an order to stop a motor vehicle in
> the first degree is a class C felony.

7

that "Judge Valenciano err[ed] and committed judicial misconduct" by denying his request to present an alibi witness at the summary judgment hearing, "which prove[s] even more prejudice directed towards Mr. Rosa." In Rosa's view, "the circuit court has taken every opportunity to unfairly disadvantage [his] case." We thus construe this argument as challenging Judge Valenciano's exercise of discretion in declining to recuse himself.

HRS § 601-7(b) (2016) "sets forth the appropriate procedure for seeking disqualification because of personal bias." State v. Ross, 89 Hawaiʻi 371, 377, 974 P.2d 11, 17 (1998). The movant must "timely file an affidavit stating the facts and reasons for the belief that bias or prejudice exists." Id. (citation modified). Hawaiʻi courts "have long recognized, however, that petitioners may not predicate their claims of disqualifying bias on adverse rulings, even if the rulings are erroneous. Id. at 378, 974 P.2d at 18.

Rosa neglected to file the required affidavit. But even if he had, Rosa impermissibly predicates his allegations of bias upon the circuit court's adverse rulings, namely its denial of Rosa's requests to subpoena former counsel, obtain the Video, and present an alibi witness at the summary judgment hearing.

See id.  Thus, the circuit court did not abuse its discretion when it declined Rosa's request to recuse.

Based on the foregoing, we affirm the circuit court's July 24, 2023 Order Denying Relief from Judgment.

DATED:  Honolulu, Hawaiʻi, December 9, 2025.

On the briefs:                          /s/ Karen T. Nakasone
                                        Chief Judge
Austin Rosa,
Self-represented Plaintiff-             /s/ Sonja M.P. McCullen
Appellant.                              Associate Judge

Mark L. Bradbury,                       /s/ Kimberly T. Guidry
Deputy County Attorney,                 Associate Judge
County of Kauaʻi,
for Defendants-Appellees.